UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JORGE RIOS,

                Petitioner,

   -against-

UNITED STATES,

                Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

05-CV-1564 (DLI)

DORA L. IRIZARRY, U. S. District Judge:

On March 11, 2005, petitioner, Jorge Rios, filed this pro se petition, which purports to be a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255. Petitioner's request to proceed in forma pauperis is granted. However, because the conviction which petitioner challenges in this motion – namely, his 1994 manslaughter conviction in New York Supreme Court, Kings County – is the same conviction which was the subject of a prior habeas petition, this petition is "second or successive" and must be transferred to the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3); Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits a district court from considering a "second or successive application" for a writ of habeas corpus unless the petitioner has first obtained an order from the appropriate court of appeals authorizing consideration of the petition. See 28 U.S.C. § 2244(b)(3); see Carmona v. United States, 390 F.3d 200, 201-02 (2d Cir. 2004) (per curiam). The AEDPA "does not define what constitutes a 'second or successive' petition." James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002). While a literal reading of this phrase would appear to prohibit a district court from considering a

numerically second petition, "[c]ourts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a 'second' petition for the purposes of AEDPA." Vasquez v. Parrott, 318 F.3d 387, 389 (2d Cir. 2003) (quoting James, 308 F.3d at 167). To be considered "second or successive," the second petition "must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." Id. at 390. In other words, a petition "will be regarded as second or successive if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." Carmona, 390 F.3d at 202.

This is at least the second petition filed by petitioner to challenge his 1994 New York State manslaughter conviction. In July 2001, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he had lacked the mental capacity to knowingly enter a plea at the time he pled guilty. That petition was denied by this Court as time-barred, Rios v. Mazzuca, No. 01-CV-4709 (LB), slip op. (E.D.N.Y. Feb. 13, 2003), and that judgment was affirmed by the Second Circuit Court of Appeals. Rios v. Mazzuca, 78 Fed. Appx. 742 (2d Cir. 2003).

The instant petition again seeks to challenge petitioner's 1994 manslaughter conviction on the ground that he lacked the mental capacity to plead guilty. Since this petition is challenging the same conviction on the same ground as the petition which was dismissed with prejudice in 2003, this petition is "second or successive" under 28 U.S.C. § 2244(b)(3). See Vasquez, 318 F.3d at 390; Carmona, 390 F.3d at 202. Accordingly, the instant petition cannot be considered by this Court unless the Second Circuit issues an order authorizing this Court to do so. See 28 U.S.C. § 2244(b)(3); Carmona, 390 F.3d at 201-02.

Conclusion

Pursuant to the procedure set forth in Liriano, 95 F.3d at 123, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five-day delay is waived.

SO ORDERED.

Dated: Brooklyn, New York
May 23, 2005

Signed /
_____
DORA L. IRIZARRY
United States District Judge